**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| CAL DIVE INTERNATIONAL, INC., *et al.*,[1] | : Case No. 15-10458 (CSS) |
| | : |
| Debtors. | : Joint Administration Requested |
| | : |
| | : Related Docket No. 8 |

------------------------------------------------------------x

### INTERIM ORDER ESTABLISHING (I) NOTICE AND HEARING PROCEDURES FOR TRANSFERRING, OR CLAIMING A WORTHLESS STOCK DEDUCTION FOR, EQUITY SECURITIES OF CAL DIVE INTERNATIONAL, INC. AND (II) AN EFFECTIVE DATE FOR NOTICE AND SELL-DOWN PROCEDURES FOR TRANSFERRING CLAIMS AGAINST THE DEBTORS

Upon consideration of the motion (the "**Motion**")[2] of the Debtors for entry of an Interim Order establishing (i) notice and hearing procedures for transferring, or claiming a worthless stock deduction for, Cal Dive equity securities or any beneficial interest therein; and (ii) a Record Date for notice and sell-down procedures for transfers of Claims against the Debtors, as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion on an interim basis (the "**Hearing**"); and upon the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Cal Dive International, Inc. (0501), Cal Dive Offshore Contractors, Inc. (4878), Affiliated Marine Contractors, Inc. (8678), Fleet Pipeline Services, Inc. (2104), Gulf Offshore Construction, Inc. (2106), and CDI Renewables, LLC (4985). The Debtors' corporate headquarters is at 2500 CityWest Boulevard, Suite 2200, Houston, TX 77042.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

First Day Declaration, the record of the Hearing, and all the proceedings before the Court; and the Court having found and determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates, as contemplated by Federal Rule of Bankruptcy Procedure 6003, and that such relief is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The final hearing (the "**Final Hearing**") on the Motion will be held on _March 30_, 2015, at _2:00_ p.m. (prevailing Eastern Time). Any objections or responses to entry of a final order on the Motion must be filed on or before 4:00 p.m. (prevailing Eastern Time) on _3/23_, 2015, and served on the following parties: (i) Office of the United States Trustee for the District of Delaware; (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) counsel to Bank of America, N.A., as the Pre-Petition Senior Agent under the Pre-Petition Senior Loan Agreement and the DIP Facility Agreement (as defined in the DIP Order); (iv) counsel to ABC Funding, LLC, as the Pre-Petition Junior Agent under the Pre-Petition Junior Loan Agreement; (v) Bank of New York Mellon Trust Company, N.A., as the Indenture Trustee for the Convertible Notes; (vi) the Internal Revenue Service; and (vii) any Statutory Committee. A copy of the Motion and this Order will be served on the foregoing parties and all parties having filed requests for notices in these chapter 11 cases. Due to the nature of the relief requested in the Motion, no other or further notice need be given. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

RLF1 11600821v.2

3. Any purchase, sale, or other transfer of, or any claim of a worthless stock deduction for, Cal Dive equity securities in violation of the procedures set forth herein shall be null and void *ab initio* as an act in violation of the automatic stay under Bankruptcy Code section 362.

4. The following procedures for monitoring the trading in equity securities of Cal Dive are hereby approved:

a. Any person or entity (as defined in Treasury Regulations Section 1.382-3(a)) who currently is or becomes a Substantial Shareholder (as defined in paragraph (e) below) must file with this Court, and serve on counsel to the Debtors, a notice of such status, in the form attached hereto as Exhibit A-1, on or before the later of (A) 20 calendar days after the date of the Notice of Order and (B) 10 calendar days after becoming a Substantial Shareholder.

b. At least 30 calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities, as defined below) that would result in an increase in the amount of Cal Dive Stock (as defined below) beneficially owned by a Substantial Shareholder or would result in a person or entity becoming a Substantial Shareholder, such Substantial Shareholder must file with this Court, and serve on counsel to the Debtors, advance written notice, in the form attached hereto as Exhibit A-2, of the intended transfer of equity securities.

c. At least 30 calendar days prior to effectuating any transfer of equity securities (including Options to acquire such securities) that would result in a decrease in the amount of Cal Dive Stock beneficially owned by a Substantial Shareholder or would result in a person or entity ceasing to be a Substantial Shareholder, such Substantial Shareholder must file with this Court, and serve on counsel to the Debtors, advance written notice, in the form attached hereto as Exhibit A-3, of the intended transfer of equity securities (the notices required to be filed and served under paragraph (b) and this paragraph (c), each a "**Notice of Proposed Transfer**").

d. The Debtors have 30 calendar days after receipt of a Notice of Proposed Transfer to file with this Court and serve on such Substantial Shareholder an objection to any proposed transfer of equity securities described in the Notice of Proposed Transfer on the grounds that such transfer may adversely affect the Debtors' ability to use their Tax Attributes. If the Debtors file an objection, such transaction will not be effective unless approved by a final and non-appealable order of this Court. If the Debtors do not object within such 30-day period, such transaction may proceed solely as set forth in the Notice of Proposed Transfer. Further transactions within the scope of this paragraph (d) must be the subject of additional notices as set forth herein, with an additional 30-day waiting period.

e. For purposes of these procedures, (A) a "**Substantial Shareholder**" is any person or entity that beneficially owns at least 4,416,069 shares

(representing approximately 4.5% of the 98,134,871 issued and outstanding shares) of the common stock of Cal Dive ("**Cal Dive Stock**"), and (B) "**Beneficial Ownership**" (or any variation thereof of Cal Dive Stock and Options to acquire Cal Dive Stock) will be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time will include, without limitation, (i) direct and indirect ownership, (ii) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Cal Dive Stock. An "**Option**" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. For the avoidance of doubt, by operation of the definition of Beneficial Ownership in clause (B) of this paragraph (e), an owner of an Option to acquire Cal Dive Stock will be treated as the owner of such Cal Dive Stock.

5. The following procedures shall apply to claims for tax purposes that any equity securities of Cal Dive are worthless:

a. Any person or entity that currently is or becomes a 50-percent Shareholder (as such term is defined in paragraph (d) below) must file with the Court, and serve upon the Debtors and counsel for the Debtors, a notice of such status, in the form attached hereto as <u>Exhibit A-4</u>, on or before the later of (i) 20 calendar days after entry of this Order or (ii) 10 days after becoming a 50-percent Shareholder.

b. At least 30 calendar days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of Cal Dive Stock (as defined below), for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50-percent Shareholder must file with the Court, and serve on the Debtors and counsel for the Debtors, an advance written notice of the intended claim of worthlessness in the form attached hereto as <u>Exhibit A-5</u> (a "**Notice of Intent to Claim a Worthless Stock Deduction**").

c. The Debtors have 15 calendar days after receipt of a Notice of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-percent Shareholder an objection to any proposed claim of worthlessness described in the Notice of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to use their Tax Attributes. If the Debtors file an objection, the filing of the return with such claim would not be permitted unless approved by a final and non-appealable order of the Court. If the Debtors do not object within such 15-day period, the filing of the return with such claim would be permitted as set forth in the Notice of Intent to Claim a Worthless Stock Deduction. Additional returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 15-day waiting period.

d. For purposes of these procedures: (A) a "**50-percent Shareholder**" is any person or entity that at any time within such entity's last three taxable years has had beneficial ownership of 50% or more of the common stock of Cal Dive ("**Cal Dive**

Stock")[3], and (B) "**Beneficial Ownership**" (or any variation thereof of Cal Dive Stock and Options to acquire Cal Dive Stock) will be determined in accordance with applicable rules under Section 382, Treasury Regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and thus, to the extent provided therein, from time to time will include, without limitation, (i) direct and indirect ownership, (ii) ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock, and (iii) an Option to acquire Cal Dive Stock. An "**Option**" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable. For the avoidance of doubt, by operation of the definition of Beneficial Ownership in clause (B) of this paragraph (d), an owner of an Option to acquire Cal Dive Stock will be treated as the owner of such Cal Dive Stock.

6. The Debtors must serve the Notice of Order setting forth the procedures authorized herein in the form annexed hereto as Exhibit A-6 ("**Notice of Order**") on: (i) the United States Trustee for the District of Delaware, (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) counsel to Bank of America, N.A., as the Pre-Petition Senior Agent under the Pre-Petition Senior Loan Agreement and the DIP Facility Agreement (as defined in the DIP Order); (iv) counsel to ABC Funding, LLC, as the Pre-Petition Junior Agent under the Pre-Petition Junior Loan Agreement; (v) Bank of New York Mellon Trust Company, N.A., as the Indenture Trustee for the Convertible Notes; (vi) the Internal Revenue Service; (vii) the Securities and Exchange Commission; (viii) all parties that have requested or that are required to receive notice under Bankruptcy Rule 2002; (ix) the transfer agent(s) for Cal Dive equity securities; and (x) any registered holders of outstanding Cal Dive equity securities.

7. Upon receipt of such Notice of Order, any broker, bank, dealer or other agent or nominee of a beneficial holder of equity securities of Cal Dive (each a "**Nominee**") will be required, within five business days of receipt of such notice and on at least a quarterly basis thereafter, to send the Notice of Order to all beneficial holders of equity securities of Cal Dive on

---

[3] Beneficial ownership of 50% or more of Cal Dive Stock currently is equivalent to approximately 49,067,435 shares, based on 98,134,871 shares of Cal Dive Stock outstanding as of January 31, 2015.

whose behalf such Nominee holds equity securities. To the extent such beneficial holder is also a Nominee, such Nominee must, in turn, promptly provide the Notice of Order to any holder for whose account such holder holds equity securities, and so on down the chain of ownership. In addition, any person, entity, broker or agent acting on behalf of any holder of Equity Securities who sells at least 4,416,069 shares (representing approximately 4.5% of the 98,134,871 issued and outstanding shares) of Cal Dive to another person or entity must provide a copy of the Notice of Order to such purchaser or any broker or agent acting on such purchaser's behalf.

8. Claimholders and potential purchasers of Claims against the Debtors are hereby deemed notified that, if the Debtors ultimately seek and the Court approves a Sell-Down Order, claimholders that acquire Claims after the date of this Interim Order (the "**Record Date**") in an amount that would entitle them to receive more than 4.5% of the stock of the reorganized Debtors may be subject to a required sell-down of any Claims acquired after the Record Date in accordance with the sell-down procedures set forth in the Sell-Down Order.

9. Within five business days after the entry of this Interim Order, the Debtors must provide notice in the form attached hereto as <u>Exhibit A-7</u> (the "**Record Date Notice**") to: (i) Office of the United States Trustee for the District of Delaware; (ii) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (iii) counsel to Bank of America, N.A., as the Pre-Petition Senior Agent under the Pre-Petition Senior Loan Agreement and the DIP Facility Agreement (as defined in the DIP Order); (iv) counsel to ABC Funding, LLC, as the Pre-Petition Junior Agent under the Pre-Petition Junior Loan Agreement; (v) Bank of New York Mellon Trust Company, N.A., as the Indenture Trustee for the Convertible Notes; (vi) the Internal Revenue Service; and (vii) the Securities and Exchange Commission.

10. Upon receipt of the Record Date Notice, any indenture trustee(s) or administrative agent(s) for any Claims is hereby required, within five days of receipt of the

Record Date Notice, and on at least a quarterly basis thereafter, to send such Record Date Notice to all holders of such Claims registered with such indenture trustee(s) or administrative agent(s). Any such registered holder must, in turn, promptly provide such Record Date Notice to any claimholder for whose account such registered holder holds such Claims, and so on down the chain of ownership.

11.  Entry of this Interim Order shall in no way be deemed a determination of any kind that entry of a Sell-Down Order is necessary or warranted in these cases and this Court's review of any request for the entry of a Sell-Down Order shall be without regard to entry of this Interim Order.

12.  The entry of this Interim Order in no way prejudices the rights of any party to oppose the entry of a Sell-Down Order, on any grounds, and all parties' rights are expressly preserved hereby.

13.  The notices in the form attached hereto as Exhibit A-1, Exhibit A-2, Exhibit A-3, Exhibit A-4, Exhibit A-5, Exhibit A-6, and Exhibit A-7 are approved.

14.  Any of the Debtors may waive in writing, and in their sole and absolute discretion, any and all restrictions, stays and notice procedures contained in this Interim Order.

15.  The requirements set forth in this Interim Order are in addition to the requirements of Federal Rule of Bankruptcy Procedure 3001(e) and applicable law, and do not excuse compliance therewith.

16.  The requirements set forth in Federal Rule of Bankruptcy Procedure 6004(a) are hereby waived.

17.  Notwithstanding the applicability of Federal Rule of Bankruptcy Procedure 6004, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

19. This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
       March 6, 2015

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

RLF1 11600821v.2

- 8 -