IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CAL DIVE INTERNATIONAL, INC., *et al.*, | Case No. 15-10458 (CSS)<br>Jointly Administered |
| Debtors. | Re: D.I. 337 & 338 |
| | Hearing Date: May 27, 2015, at 11:00 a.m.<br>Obj. Deadline: May 20, 2015, at 4:00 p.m.<br>(extended for U.S. Trustee to May 22 at 4:00 p.m.) |

**OBJECTION OF THE ACTING UNITED STATES TRUSTEE TO DEBTORS' MOTION FOR AN ORDER (I) AUTHORIZING CAL DIVE OFFSHORE CONTRACTORS, INC. TO SELL THE *ATLANTIC* AND RELATED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES AND (II) GRANTING RELATED RELIEF**

Andrew R. Vara, Acting United States Trustee for Region 3 (the "U.S. Trustee"), through his undersigned counsel, hereby objects to Debtors' Motion for an Order (I) Authorizing Cal Dive Offshore Contractors, Inc. to Sell the *Atlantic* and Related Assets Free and Clear of All Liens, Claims and Encumbrances and (II) Granting Related Relief (D.I. 337) (the "Motion"), and in support of his objection respectfully states as follows:

**JURISDICTION**

1.  Pursuant to 28 U.S.C. § 1334, applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and resolve this objection.

2.  Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re*

*Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (11 U.S.C. § 307 gives the U.S. Trustee "public interest standing"); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. The U.S. Trustee has standing to be heard on the Motion pursuant to 11 U.S.C. § 307.

**BACKGROUND**

4. On March 3, 2015, the above-captioned debtors (the "Debtors") filed chapter 11 petitions in this Court.

5. On March 17, 2015, the U.S. Trustee appointed an official committee of unsecured creditors. *See* D.I. 119.

6. On May 6, 2015, the Debtors filed the Motion.

7. The Motion seeks Court authorization for debtor Cal Dive Offshore Contractors, Inc. ("CDOCI") to sell a barge called the Atlantic, along with equipment, machinery and other items related to the vessel, to Weeks Marine, Inc. (the "Buyer") for $4,500,000 in a private sale.

8. The declaration of Quinn Hebert filed in support of the Motion (the "Quinn Declaration") states that the Atlantic is a "noncore" asset that has not operated since April 2014. *See* D.I. 338 ¶¶ 5 & 6.

9. The Motion seeks Court approval of a break-up fee if the Debtors accept a competing offer for the Atlantic. Section 5(b) of the purchase and sale agreement (the "PSA") for the Atlantic provides: "SELLER further agrees that it will seek approval of the Court to pay a break-up fee of up to 2% of the Purchase Price to PURCHASER in the event that SELLER accepts a Competing Bid for the Vessel."

10. Paragraph 3 of the proposed form of sale order would authorize CDOCI "to perform under, consummate and implement, the PSA . . . and to take all further actions . . . as may be necessary or appropriate to the performance of the obligations as contemplated by the PSA."

## ARGUMENT

11. The Debtors have not demonstrated that awarding the Buyer a break-up fee is necessary to preserve the value of the bankruptcy estates. Break-up fees in bankruptcy "compensate the bidder for memorializing its interest in acquiring" a debtor's assets. *In re Reliant Energy Channelview LP*, 594 F.3d 200, 203 (3d Cir. 2010). Break-up fees must be sought under Section 503(b). *See id.* at 206. "[T]he allowability of break-up fees, like that of other administrative expenses, depends upon the requesting party's ability to show that the fees were actually necessary to preserve the value of the estate." *In re O'Brien Environmental Energy, Inc.*, 181 F.3d 527, 535 (3d Cir. 1999). A break-up fee may be appropriate where "assurance" of the fee induces an initial bid or promotes competitive bidding. *See id.* at 535 & 537. However, a break-up fee is not necessary to preserve the value of the estate "when the bidder would have bid even without the break-up fee." *In re Reliant Energy Channelview LP*, 594 F.3d at 206. Break-up fees cannot be awarded solely because no party-in-interest objects. *See id.* at 208.

12. The requested break-up fee should be denied for two reasons. First, the Debtors have not shown that the break-up fee was a necessary condition to the Buyer making its offer. The Quinn Declaration does not assert that assurance of a break-up fee induced the Buyer to make its offer. Nor is it apparent that that assertion can be made. A break-up fee is not necessary to induce a bid if the bid is conditioned on the seller's agreement to seek Court approval of the fee, rather than on the presence or assurance of the fee. *See In re Reliant Energy Channelview LP*, 594 F.3d at 207 (fact that bidder conditioned its bid not on presence of break-up fee but instead on

3

debtor's promise to seek Court approval of break-up fee "destroys [its] argument that the fee was needed to induce it to bid."). The PSA does not condition the Buyer's bid on the presence of a break-up fee. It merely obligates the Debtors to "seek approval of the Court to pay a break-up fee" if the Debtors accept a competing bid. PSA § 5(b). Thus, the Buyer has made its offer only on the possibility of a break-up fee, not on the assurance or presence of one. The assurance of a break-up fee was not necessary to induce the Buyer's offer, and therefore no administrative expense arises.

13.     Second, a break-up fee of 2% of the purchase price is not justified. This is not a complex going-concern sale of all or substantially all of the Debtors' assets. This is a private sale of one discrete, non-core asset. The Buyer's interest in acquiring the asset has been memorialized in a six-page PSA and a four-page form of sale order. The length and complexity of these documents suggest this sale process has been much more limited than is common in comprehensive Section 363 sales. Thus, whatever break-up fee percentages may have been awarded in those larger sales should not guide this sale and may, if used, discourage other offers.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny the Motion and grant such other relief as the Court deems appropriate and just.

Dated: May 22, 2015
Wilmington, Delaware

Respectfully submitted,

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE**

By: */s/ Benjamin Hackman*
Benjamin A. Hackman
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (fax)