# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CAL DIVE INTERNATIONAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-10458 (CSS)<br><br>Jointly Administered<br><br>Related Docket No. 273, 380 |

### ORDER (I) AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY GUGGENHEIM LLC AS ITS INVESTMENT BANKER, *NUNC PRO TUNC* TO MARCH 23, 2015 AND (II) WAIVING CERTAIN REQUIREMENTS OF LOCAL RULE 2016-2

Upon the application (the "Application")[2] of the official committee of unsecured creditors (the "Committee") of Cal Dive International, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order, pursuant to sections 328(a) and 1103(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Code for the District of Delaware (the "Local Rules"), (a) authorizing the Committee to retain and employ Guggenheim Securities, LLC ("Guggenheim") as its exclusive investment banker, *nunc pro tunc* to March 23, 2015, pursuant to that certain engagement letter attached to the Application as Exhibit B (the "Engagement Letter") and (b) waiving certain of the information requirements of Local Rule

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Cal Dive International, Inc. (0501), Cal Dive Offshore Contractors, Inc. (4878), Affiliated Marine Contractors, Inc. (8678), Fleet Pipeline Services, Inc. (2104), Gulf Offshore Construction, Inc. (2106), and CDI Renewables, LLC (4985).

[2] Each capitalized term used but not otherwise defined herein shall have the meaning ascribed to such term in the Application.

2016-2; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Application having been provided; and it appearing that no other or further notice need be provided; and this Court having determined that the Committee's employment of Guggenheim is necessary and in the best interests of the Committee and the Debtors' estates and that the terms of compensation set forth in the Engagement Letter are reasonable; and this Court being satisfied that Guggenheim does not have or represent any entity having an interest adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders; and all objections (if any) to the requested relief having been withdrawn or overruled on the merits; and upon all of the proceedings had before this Court, and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Committee is authorized to retain and employ Guggenheim as its exclusive investment banker in these chapter 11 cases, pursuant to the terms and subject to the conditions set forth in the Engagement Letter, *nunc pro tunc* to March 23, 2015.

3. Except to the extent set forth herein, the Engagement Letter, including, without limitation, the Fee and Expense Structure, is approved pursuant to section 328(a) of the Bankruptcy Code, and the Debtors are authorized to pay, reimburse and indemnify Guggenheim in accordance with the terms and conditions of, and at the times specified in, the Engagement Letter.

4. Guggenheim shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules as may then be applicable, and any

applicable orders and procedures of this Court. Specifically, Guggenheim shall file Monthly Fee Applications and otherwise comply with all procedures and provisions set forth in the interim compensation procedures order approved on April 6, 2015 [Docket No. 209] (the "Interim Compensation Procedures Order"); provided, however, that notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines, Local Rule 2014-1, and any other applicable orders or procedures of the Court, Guggenheim's professionals shall be required only to keep reasonably detailed summary time records in one-half hour increments, which time records shall indicate the total hours incurred by each professional for each day and provide a brief description of the nature of the work performed and shall not be required to keep time records on a project category basis.[3] The Debtors are authorized and directed to pay Guggenheim the Maximum Monthly Payment in accordance with the terms and conditions of the Interim Compensation Procedures Order.

5. The fees and expenses payable to Guggenheim pursuant to the Engagement Letter shall be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee, who, for the avoidance of doubt, shall have the right to object to Guggenheim's requests for payment of fees and expenses based on the reasonableness standard in section 330 of the Bankruptcy Code. This Order and the records relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Guggenheim's compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or on the record shall constitute a finding of fact or conclusion of law binding on the

---

[3] Capitalized terms in this paragraph shall have the meanings ascribed to them in the Interim Compensation Procedures Order.

U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Guggenheim's compensation.

6. The indemnification, contribution and reimbursement provisions in and attached to the Engagement Letter are approved, subject during the pendency of these chapter 11 cases to the following modifications:

    a. subject to the provisions of subparagraphs (b) and (d) below, the Debtors are authorized to indemnify the indemnified persons in accordance with the Engagement Letter for any claim arising from, related to, or in connection with their performance of the services described in the Engagement Letter; provided, however, that the indemnified persons shall not be indemnified for any claim arising from services other than the services provided pursuant to the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

    b. notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any person or provide contribution or reimbursement to any person for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from that person's gross negligence or willful misconduct, or (ii) for a contractual dispute in which the Committee alleges breach of Guggenheim's obligations under the Engagement Letter unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003) or (iii) settled prior to a judicial determination as to sub-clauses (i) or (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which that person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order;

    c. If, during the pendency of these chapter 11 cases, the indemnification provided pursuant to the Engagement Letter is held unenforceable by reason of the exclusions set forth in paragraph (b) above (i.e. gross negligence, willful misconduct, or for a contractual dispute in which the Debtors allege the breach of Guggenheim's obligations under the Engagement Letter, unless the Court determines that indemnification would be permissible pursuant to the United Artists decision), and Guggenheim makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the limitations on Guggenheim's contribution obligations set forth in the third sentences of the fourth paragraph of the indemnity provisions attached to the Engagement Letter shall not apply; and

4

        d.        If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Guggenheim believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Guggenheim must file an application before this Court and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment; <u>provided, however,</u> that for the avoidance of doubt, this subparagraph (d) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify Guggenheim. All parties in interest shall retain the right to object to any demand for indemnification, contribution or reimbursement during these chapter 11 cases.

7.        For the avoidance of doubt, and notwithstanding anything to the contrary in the Application or Engagement Letter, Guggenheim shall be entitled to no more than one Transaction Fee during these chapter 11 cases. In addition, notwithstanding anything to the contrary, no Transaction Fee shall be paid to Guggenheim unless and until (I)(A) the DIP Obligations (as defined in that certain final post-petition financing order approved on April 20, 2015 [Docket No. 282](the "Final DIP Order") are irrevocably paid in full in cash or (B) the DIP Agent (as defined in the Final DIP Order) otherwise consents in its sole and absolute discretion, and (II) all other conditions under the Application and Engagement Letter to the earning of such fee by Guggenheim have been satisfied. Furthermore, under no circumstances shall any Transaction Fee payable to Guggenheim be considered part of, or paid or payable from or pursuant to, the Carve Out, as defined and set forth in Paragraph 18 of the Final DIP Order. Nothing in the Application, the Engagement Letter or this Order shall increase the amount set forth in the Approved Budget (as defined in the Final DIP Order) for the payment of Guggenheim's fees and expenses.

8. The first sentence of Paragraph K in the Annex attached to the Engagement Letter regarding the creation of an independent contractor relationship among Guggenheim and the Committee shall have no effect during these chapter 11 cases.

9. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter and this Order, the terms of this Order shall govern.

10. The Committee is authorized and empowered to take all actions necessary to effectuate the relief granted by this Order.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: 5/26, 2015
Wilmington, Delaware

_____
HONORABLE CHRISTOPHER S. SONTCHI