# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

In re:                                  : Chapter 11

CAL DIVE INTERNATIONAL, INC., *et al.*,[1]  : Case No. 15-10458 (CSS)

                          Debtors.    : (Jointly Administered)

                                                                           : **Re: Docket No. 336**

------------------------------------------------------------x

## ORDER AUTHORIZING THE EMPLOYMENT OF SUPPLEMENTAL STAFFING FOR CARL MARKS ADVISORY GROUP LLC AS CRISIS MANAGERS, *NUNC PRO TUNC* TO MARCH 30, 2015

Upon the Debtors' motion, dated May 6, 2015, (the "**Motion**"),[2] for entry of an order (this "**Order**"), *nunc pro tunc* to March 30, 2015, authorizing the Debtors to utilize the services of additional personnel employed by Carl Marks Advisory Group LLC ("**CMAG**") and for CMAG to be compensated for providing such personnel (the "**Supplemental Personnel**"), as more fully set forth in the Motion; and upon due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Cal Dive International, Inc. (0501), Cal Dive Offshore Contractors, Inc. (4878), Affiliated Marine Contractors, Inc. (8678), Fleet Pipeline Services, Inc. (2104), Gulf Offshore Construction, Inc. (2106), and CDI Renewables, LLC (4985). The Debtors' corporate headquarters is at 2500 CityWest Boulevard, Suite 2200, Houston, TX 77042.

[2] All capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

been scheduled and, to the extent necessary, held to consider the relief requested in the Motion (the "**Hearing**"); and upon the record of the Hearing (if any was held), and all the proceedings had before the Court; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion and at the Hearing (if any was held) establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Under Bankruptcy Code sections 105(a) and 363(b), the Debtors are authorized to (i) augment CMAG's staff with the Supplemental Personnel as set forth in the CMAG Supplemental Terms and (ii) compensate CMAG for the Supplemental Personnel on the terms set forth in the CMAG Supplemental Terms, in each case *nunc pro tunc* to March 30, 2015; provided, however, that (i) absent further order of the Court, the Debtors shall not compensate CMAG for the Supplemental Personnel in an amount exceeding $700,000.

3. The Approved Budget (as defined in that certain Senior Secured, Super Priority Debtor-In-Possession Credit Agreement, dated as of March 3, 2015 (as amended, supplemented or otherwise modified form time to time)) dated March 27, 2015 (the "**Budget**") is modified to increase by $700,000 the budget for fees and expenses of CMAG (solely to compensate CMAG for the Supplemental Personnel). To the extent incurred by CMAG under the Supplemental Terms, $200,000 shall be made available by increasing the aggregate fees and expenses of Case Professionals (as defined in the Final Order (I) Authorizing Debtors to (A) Obtain Post-Petition Financing Pursuant to 11 U.S.C. § 105, 361, 362, 364(c)(1), and 364(e), (B) Grant Senior Liens and Superpriority Administrative Expense Status, and (C) Utilize Cash Collateral Pursuant to 11

U.S.C. § 363; (II) Granting Adequate Protection to Pre-Petition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364; and (III) Granting Related Relief) (D.I. 282)) in the Budget (as modified by such order) by $200,000. Because the Debtors are not retaining an investment banker, the Budget is modified to provide for no compensation to an investment banker for the Debtors.

4. The right of the Office of the United States Trustee to object to compensation of CMAG for the Supplemental Personnel to the extent services performed by CMAG (a) fall outside the scope of those described in the Retention Agreement and the Supplemental Terms, or (b) conflict with paragraph 2(a) of the CMAG Employment Order (D.I. 214) is reserved.

5. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. This Order supplements the CMAG Employment Order, which remains in full force and effect. To the extent there is inconsistency between the terms of the Retention Agreement, the CMAG Supplemental Terms, the Motion, the CMAG Employment Order and this Order, the terms of CMAG Employment Order, as supplemented by this Order, govern.

7. The Court will retain jurisdiction over any and all disputes concerning the Retention Agreement, the CMAG Supplemental Terms, the Motion, the CMAG Employment Order, and this Order.

Dated: __5/28__, 2015
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE