IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| CAL DIVE INTERNATIONAL, INC., *et al.*,[1] | Case No. 15-10458 (CSS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: December 15, 2015 at 10:00 a.m. (ET) |

**DEBTORS' STATEMENT IN CONNECTION WITH DEBTORS' MOTION
FOR AN ORDER (I) DIRECTING PARTIES TO MEDIATION TO
DETERMINE THE DISTRIBUTION OF LIEN RESERVES RELATED
TO THE *AMERICAN CONSTITUTION*, *CAL DIVER I*, *LONE STAR*, AND *UNCLE
JOHN* AND (II) AUTHORIZING THE DEBTORS TO FILE AN INTERPLEADER
ACTION WITH RESPECT TO SUCH LIEN RESERVES IF MEDIATION
<u>FAILS TO RESULT IN A SETTLEMENT</u>**

Cal Dive International, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") file this statement (this "**Statement**") in connection with the *Motion for an Order (I) Directing Parties to Mediation to Determine the Distribution of Lien Reserves Related to the* American Constitution*,* Cal Diver I*,* Lone Star*, and* Uncle John *and (II) Authorizing the Debtors to File an Interpleader Action with Respect to Such Lien Reserves if Mediation Fails to Result in a Settlement* [D.I. 976] (the "**Mediation Motion**")[2] and in response to the objections to the Mediation Motion filed by Jacob O'Neil (the "**O'Neil Objection**"), Adam Tuma, and Kenneth H. Bratkowski.  For the reasons set forth below, the Debtors request that the Court enter a revised order (the "**Proposed Order**"), substantially in the form attached

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Cal Dive International, Inc. (0501), Cal Dive Offshore Contractors, Inc. (4878), Affiliated Marine Contractors, Inc. (8678), Fleet Pipeline Services, Inc. (2104), Gulf Offshore Construction, Inc. (2106), and CDI Renewables, LLC (4985).  The Debtors' corporate headquarters is at 2500 CityWest Boulevard Suite 2200, Houston, TX 77042.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Mediation Motion.

RLF1 13532576v.1

hereto as Exhibit A, granting the relief requested in the Mediation Motion as modified by this Statement:

## STATEMENT REGARDING THE MEDIATION MOTION

1. The Debtors filed the Mediation Motion as a vehicle to attempt a prompt and efficient means of distributing the Lien Reserves for the *American Constitution*, *Cal Diver I*, *Lone Star*, and *Uncle John* (each a "**Vessel**" and collectively, the "**Vessels**") to the various parties laying claim to those reserves. From the perspective of the Debtors, in a contentious matter involving multiple parties—such as the distributions at issue here—a neutral third-party mediator can help to break down rigid positions and facilitate a global resolution. However, given the unique claims at issue on certain of the Vessels, the Debtors recognize that mediation of the Lien Reserves for each Vessel may not be the most efficient use of the Debtors' limited resources. As a result, since the filing of the Mediation Motion, the Debtors have worked diligently with the various claimants to formulate an agreeable approach for each Vessel, as set forth below.

   a. *American Constitution*

2. The various parties with claims against the *American Constitution* are working in good faith to determine a consensual method for distributing the Lien Reserves. Although the parties have not yet reached a final settlement, the Debtors remain hopeful that they will be able to do so prior to the hearing.[3] If a settlement is not reached, however, the Debtors understand that the *American Constitution* claimants welcome the intervention of neutral mediator to help facilitate a consensual resolution. *See, e.g.*, *Gulf Copper & Manufacturing Corp.'s Response in Support of Debtors' Motion for an Order Authorizing the Debtors to Distribute Lien Reserves*

---

[3] In the event that a settlement is reached, the Debtors will file and present to the Court a stipulation setting forth the settlement terms.


*Related to the Kestrel, Midnight Star, and Sea Horizon; and in Support of Debtors' Motion for an Order (I) Directing Parties to Mediation to Determine the Distribution of Lien Reserves Related to the American Constitution, Cal Diver I, Lone Star, and Uncle John and (II) Authorizing the Debtors to File an Interpleader Action with Respect to Such Lien Reserves if Mediation Fails to Result in a Settlement* [D.I. 966]. Therefore, absent the presentment of a global settlement at the hearing, the Debtors request that the Court compel mediation with respect to the distribution of the Lien Reserves for the *American Constitution* in accordance with the procedures set forth in the Mediation Motion.

      b. *Cal Diver I*

3. The Debtors believe that they are close to reaching a global resolution on the distribution of the Lien Reserves for the *Cal Diver I*. However, the negotiation and documentation of the terms of the settlement with Kenneth Bratkowski—the holder of the largest open claim on the Vessel—is still in progress. Accordingly, the Debtors, with the consent of Mr. Bratkowski, request that the Court continue the hearing on the proposed mediation of the *Cal Diver I* Lien Reserves to the omnibus hearing scheduled for January 13, 2016.

      c. *Lone Star*

4. The Debtors have commenced discussions with Adam Tuma regarding the resolution of his claim against the *Lone Star*. If this claim can be resolved in a consensual manner, this would better position the remaining parties with a claim against the Lien Reserves to successfully mediate the distribution of such reserves. Accordingly, the Debtors request that the Court continue the hearing on the proposed mediation of the *Lone Star* Lien Reserves to the omnibus hearing scheduled for January 13, 2016, at which time the Debtors will have determined whether a settlement of Mr. Tuma's claim is possible.

      *d.   Uncle John*

5.    The Debtors have determined that it would not be an efficient use of the Debtors' resources to compel mediation with respect to the distribution of the Lien Reserves for the *Uncle John* in light of Jacob O'Neil's strong opposition to this course of action, as set forth in the O'Neil Objection.  Although the Debtors hoped mediation would be a cost-effective means of reaching a settlement with the various claimants, Mr. O'Neil has made it abundantly clear that he is unwilling to negotiate with junior lienholders or to agree to payment of anything less than the full amount of the Lien Reserves.  As a result, the Debtors have determined that it is not in the Debtors' or any other stakeholders' best interests to compel mediation with respect to such Lien Reserves.

6.    The Debtors therefore request that the Court authorize the Debtors to immediately file an interpleader action with respect to the Lien Reserves for the *Uncle John* in the United States District Court for the Western District of Louisiana.  Mr. O'Neil consents to the filing of the interpleader action in this judicial district and the Debtors understand that the majority of the claimants asserting claims to the applicable Lien Reserves are located in or near this district.

### SUPPLEMENT TO THE PROPOSED MEDIATION PROCEDURES

7.    In the event that mediation is compelled with respect to the Lien Reserves for the *American Constitution*, or any other Vessel, the Debtors will agree to pay for one day of mediation.  The Debtors believe that for the disputes that may be subject to mediation, this should be ample time to reach a consensual settlement.  If mediation goes beyond a day, the parties to the mediation will be required to split, on an equal basis, the costs of mediation.

8.    In addition, after conducting internal research, one of the proposed mediators informed the Debtors that he is not available to conduct the mediation.  Accordingly, the Debtors

have amended the list of proposed mediators, a copy of which is attached hereto as <u>Exhibit B</u>, to exclude such proposed mediator.

9. The Debtors have modified the Proposed Order to reflect these modifications to the Mediation Procedures.

RLF1 13532576v.1

| | |
|---|---|
| December 14, 2015<br>Wilmington, Delaware | */s/ Amanda R. Steele*<br>**RICHARDS, LAYTON & FINGER, P.A.**<br>Mark D. Collins (No. 2981)<br>Michael J. Merchant (No. 3854)<br>Amanda R. Steele (No. 5530)<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 651 7700<br>Facsimile:  (302) 651-7701<br><br>- and -<br><br>**O'MELVENY & MYERS LLP**<br>George A. Davis (admitted pro hac vice)<br>Andrew M. Parlen (admitted pro hac vice)<br>Daniel S. Shamah (admitted pro hac vice)<br>Times Square Tower<br>Seven Times Square<br>New York, NY 10036<br>Telephone:  (212) 326-2000<br>Facsimile:  (212) 326-2061<br><br>Suzzanne S. Uhland (admitted pro hac vice)<br>Two Embarcadero Center<br>28th Floor<br>San Francisco, CA 94111<br>Telephone:  (415) 984-8700<br>Facsimile:  (415) 984-8701<br><br>Attorneys for the Debtors and Debtors in Possession |

RLF1 13532576v.1