**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CAL DIVE INTERNATIONAL, INC., *et al.*,[1] | ) | Case No. 15-10458 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: April 10, 2017 at 2:00 p.m. (ET)** |
| | ) | **Obj. Deadline: March 31, 2017 at 4:00 p.m. (ET)** |

**FIRST AND FINAL APPLICATION OF THE ROSNER LAW GROUP LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS FOR THE PERIOD FROM MARCH 1, 2017 THROUGH MARCH 10, 2017**

| | |
|---|---|
| Name of Applicant: | The Rosner Law Group LLC |
| Authorized to Provide Professional Services to: | Debtors |
| Effective Date of Retention: | *Nunc Pro Tunc to March 1, 2017* (pending) |
| Final Period for which compensation and reimbursement is sought: | March 1, 2017 to March 10, 2017 |
| Final Amount of compensation sought as actual, reasonable, and necessary: | $19,015.00[2] |
| Final amount of Expense Reimbursement sought as actual, | $48,069.60[3] |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Cal Dive International, Inc. (0501), Cal Dive Offshore Contractors, Inc. (4878), Affiliated Marine Contractors, Inc. (8678), Fleet Pipeline Services, Inc. (2104), Gulf Offshore Construction, Inc. (2106), and CDI Renewables, LLC (4985). The Debtors' corporate headquarters is at 2500 CityWest Boulevard, Suite 2200, Houston, TX 77042.

[2] This amount includes compensation sought as actual, reasonable and necessary in the amounts of $16,515.00 for the period March 1, 2017 through March 10, 2017 and fees of $2,500 of compensation associated with the review, filing and service of the final fee applications of RLG, drafting and filing the certificates of no objection regarding the Retention Application and this Application, if applicable, and the attendance at the hearing on the Retention Application and this Application.

[3] This amount includes the legal fees and actual and necessary fees and expenses of Gellert Scali Busenkell & Brown, LLC ("Gellert") as special conflicts counsel. Due to the extremely limited timeframe to prepare and file the avoidance actions, it was necessary for RLG to request separate conflicts counsel to file one complaint against defendant Harris Caprock Communications Inc. [Adv. No. 17-50123] ("HCC"). The fees and expenses incurred by Gellert are attached hereto as **Exhibit C**. RLG previously represented HCC.

reasonable and necessary:
This is a final fee application.

Prior fee applications.                              None.

Compensation by Timekeeper:

| Name and Initials of Professional Individual | Position, Years in Practice, Prior Relevant Experience, and Bar Admissions | Hourly Billing Rate | Total Billed Hours |
|---|---|---|---|
| Frederick B. Rosner (Tmkr 1) | Member; practicing 30 years, member of Delaware (2000) and New York (1987) bars | $400.00 | 6.8 |
| Scott Leonhardt (Tmkr 4) | Associate; practicing for 10 years; member of the Delaware (2006) bar | $375.00 | 20.5 |
| Jason A. Gibson (Tmkr 5) | Associate; practicing for 2 years; member of the Delaware (2015) bar | $325.00 | 11.9 |
| Fred Sassler (Tmkr 2) | Paralegal | $175 | 12.8 |

**Total Fees:**                                $16,515.00

**Total Hours:**                               52.0

**Blended Rate:**                              $318.75

**Blended Rate for Attorneys:**                $366.66

Compensation by Category:

| Description | Task Code | Total Hours | Total Fees |
|---|---|---|---|
| Court Hearings | BB109 | .2 | $75.00 |
| Litigation/Adversary Proceedings | BB115 | 47.40 | $14,767.50 |
| RLG Retention | BB116 | 4.00 | $1,522.50 |
| RLG Fee Applications | BB118 | .4 | $150.00 |
| **TOTAL:** | | **52.0** | **$16,515.00** |

Expense Summary:

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Filing Fees (E129) | ECF | $ 47,250.00 |
| Online Research (E106) | PACER | $253.20 |
| Working Meals (E111) | | $88.90 |
| Outside Professional Fee (E123) | | $477.50 |
| **TOTAL** | | **$48,069.60** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CAL DIVE INTERNATIONAL, INC., *et al.*,[1] ) | Case No. 15-10458 (CSS) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | **Hearing Date: April 10, 2017 at 2:00 p.m. (ET)** |
| ) | **Obj. Deadline: March 31, 2017 at 4:00 p.m. (ET)** |

**FIRST AND FINAL APPLICATION OF THE ROSNER LAW GROUP LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS FOR THE PERIOD FROM MARCH 1, 2017 THROUGH MARCH 10, 2017**

Pursuant to Section 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"); Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and this Court's *Order Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals* [D.I. 209; filed 4/6/15] (the "Administrative Order"), The Rosner Law Group LLC ("RLG") hereby files this First and Final Application (the "Application") of The Rosner Law Group LLC for Compensation for Services Rendered and Reimbursement of Expenses as Special Litigation Counsel for the Period March 1, 2017 Through March 10, 2017 (the "Period").

By this Application, RLG seeks final allowance of its professional fees in the amount of $19,015.00[2] (100% of fees) and reimbursement of actual and necessary expenses in the amount

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Cal Dive International, Inc. (0501), Cal Dive Offshore Contractors, Inc. (4878), Affiliated Marine Contractors, Inc. (8678), Fleet Pipeline Services, Inc. (2104), Gulf Offshore Construction, Inc. (2106), and CDI Renewables, LLC (4985). The Debtors' corporate headquarters is at 2500 CityWest Boulevard, Suite 2200, Houston, TX 77042.

[2] This amount includes compensation sought as actual, reasonable and necessary in the amounts of $16,515.00 for the period March 1, 2017 through March 10, 2017 and fees of $2,500 of compensation associated with the review,

{00019860. }

of $48,069.60³.  In support of this Application, RLG respectfully represents as follows:

## JURISDICTION

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  The statutory predicates for the relief sought herein are section 330 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-2 of the Local Rules.

## BACKGROUND

2.  On March 3, 2015 (the "Petition Date"), Cal Dive International, Inc. *et. al.* (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

3.  On March 1, 2017, the Debtors retained RLG to file 186 complaints seeking to avoid transfers pursuant to sections 547 and 548 of the Bankruptcy Code (the "Complaints").

4.  On March 8, 2017, the Debtors filed the *Application of Debtors Pursuant to Bankruptcy Code Sections 327(e) and 328(a), Bankruptcy Rules 2014(a) and 2016(b), and Bankruptcy Local Rules 2014-1 and 2016-1, for an Order Authorizing the Debtors to Employ and Retain The Rosner Law Group LLC as Special Litigation Counsel Nunc Pro Tunc* (the "Retention Application") (D.I. No. 1727).  Pursuant to the Notice filed with the Retention Application, the deadline to object is March 22, 2017 at 4:00 p.m.  Absent any objections, RLG intends to file a certificate of no objection on March 23, 2017.

---

filing and service of the final fee applications of RLG, drafting and filing the certificates of no objection regarding the Retention Application and this Application, if applicable, and the attendance at the hearing on the Retention Application and this Application.

³ This amount includes the legal fees and actual and necessary fees and expenses of Gellert Scali Busenkell & Brown, LLC ("Gellert") as special conflicts counsel.  Due to the extremely limited timeframe to prepare and file the avoidance actions, it was necessary for RLG to request separate conflicts counsel to file one complaint against defendant Harris Caprock Communications Inc. [Adv. No. 17-50123] ("HCC").  The fees and expenses incurred by Gellert are attached hereto as **Exhibit C**.  RLG previously represented HCC.

{00019860. }                                  2

5.  On March 8, 2017, the Court entered its *Order (A) Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code and (B) Granting Related Relief* [D.I. 1729]. The Order set the effective date of conversion as March 10, 2017 and set the deadline to file final fee applications as March 20, 2017.

6.  The Application is the first and final request for compensation and reimbursement of expenses made by RLG. RLG has received reimbursement of its filing fees in the amount of $50,000.00. RLG received an additional $17,500.00 retainer from the Debtors. Both amounts are currently held in RLG's IOLTA account pending consideration of this Application.

### RLG'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

**A.  Compensation Paid and Its Source**

7.  All services for which RLG requests compensation were performed for or on behalf of the Debtors.

8.  RLG has received $50,000.00 as reimbursement for filing fee related to the Complaints. RLG received an additional retainer of $17,500.00. Both of these amounts are currently being held in RLG's IOLTA account pending approval of the Application.

9.  RLG has received no other retainer in connection with the legal services to be rendered on behalf of the Debtors.

**B.  Time Records**

10.  The time records for the Compensation Period are attached hereto as **Exhibit A**. The time records contain daily time logs describing the time spent by each attorney and paraprofessional during the Compensation Period. To the best of RLG's knowledge, this Application complies with section 330 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order.

C.   **Actual and Necessary Expenses**

11.   A summary of actual and necessary expenses incurred by RLG for the Compensation Period associated with this Application is attached hereto as **Exhibit B**.

12.   RLG bills the actual amounts charged for postage and court filing fees.

13.   RLG believes the foregoing rates are the market rates that the majority of law firms charge clients for such expenses.  In addition, RLG believes that such charges are in accordance with the guidelines of the American Bar Association ("ABA"), as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges and the United States Trustees' Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330 by Attorneys in Larger Chapter 11 Cases, effective October 1, 2013.

D.   **Summary of Services Rendered**

14.   The member and associates of RLG who have rendered professional services in these cases are:  Frederick B. Rosner, Scott J. Leonhardt, and Jason A. Gibson.  Frederick Sassler is a paraprofessional of RLG who also rendered services in this case.

15.   RLG, by and through the above-named persons, drafted and filed 136 avoidance actions in this Case at the direction of the Debtors.

E.   **Summary of Services by Project**

16.   The services rendered by RLG during the Compensation Period associated with this Application can be grouped into the categories set forth below.  RLG attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described

below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.

### (a) Court Hearings (BB109)

Fee: $375.00           Total Hours:   .2

This category includes reviewing the agenda for the March 8, 2017 hearing.

### (b) Litigation/Adversary Proceedings (BB109)

Fees: $14,767.00        Total Hours:   47.40

This category includes drafting the Complaint template, preparation and review of the exhibits for 184 prospective defendants, corresponding with Debtors' counsel, preparing Complaints and exhibits for E-filing, corresponding with the Court, and E-filing 136 Complaints.

### (c) RLG Retention (BB115)

Fees: $1,522.50         Total Hours:   4.0

This category includes drafting RLG's retention application, Declaration of Frederick B. Rosner, proposed order, and corresponding with Debtors' counsel.

### (d) RLG Fee Applications

Fees: $150.00          Total Hours:   .4

This category includes drafting, filing and serving of RLG's First and Final fee application.

17.    The total amount due to RLG for professional services rendered on behalf of the Debtors for the Compensation Period is $19,015.00[5]. RLG submits that the professional services it rendered on behalf of the Debtors during this time were reasonable and necessary under the

---

[5] This amount includes compensation sought as actual, reasonable and necessary in the amounts of $16,515.00 for the period March 1, 2017 through March 10, 2017 and fees of $2,500 of compensation associated with the review, filing and service of the final fee applications of RLG, drafting and filing the certificates of no objection regarding the Retention Application and this Application, if applicable, and the attendance at the hearing on the Retention Application and this Application.

{00019860. }                                  5

circumstances. RLG also expended costs on behalf of the Debtors during the Compensation Period in the sum of $48,069.00.

18. To the best of RLG's knowledge, this Application complies with section 330 of the Bankruptcy Code, the Bankruptcy Rules, and the Administrative Order.

19. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by RLG is fair and reasonable given: (a) the time expended, (b) the nature and extent of the services rendered, (c) the value of such services, and (d) the costs of comparable services in a case under this title. Moreover, RLG has reviewed the requirements of Local Rule 2016-2 and the Administrative Order and believes that this Application complies with the Local Rule and the Administrative Order.

**WHEREFORE**, RLG respectfully requests that the Court enter an order granting final allowance and approval of compensation for professional services rendered by RLG in the amount of $19,015.00 and the reimbursement of RLG's actual and necessary expenses in the amount of $48,069.60[6] incurred during the Compensation Period, for a total final allowance of $67,084.60, that such sums be authorized for payment, including any holdback amounts, and for such other and further relief as this Court may deem just and proper.

Dated: March 17, 2017
      Wilmington, Delaware                    **THE ROSNER LAW GROUP LLC**

                                        */s/ Jason A. Gibson*
                                        Frederick B. Rosner (DE 3995)
                                        Scott J. Leonhardt (DE 4885)

---

[6] This amount includes the legal fees and actual and necessary fees and expenses of Gellert Scali Busenkell & Brown, LLC ("Gellert") as special conflicts counsel. Due to the extremely limited timeframe to prepare and file the avoidance actions, it was necessary for RLG to request separate conflicts counsel to file one complaint against defendant Harris Caprock Communications Inc. [Adv. No. 17-50123] ("HCC"). The fees and expenses incurred by Gellert are attached hereto as **Exhibit C**. RLG previously represented HCC.

Jason A. Gibson (DE 6091)
824 N. Market Street, Suite 810
Wilmington, Delaware 19801
Telephone: (302) 777-1111
gibson@teamrosner.com

*Special Litigation Counsel to the Debtors*